# 8189

No. 8189

COURT OF APPEAL

PARISH OF ORLEANS.

A. P. PERRIN

versus

AUGUST SCHABEL.

8189

Dinkelspiel; J.

This controversy arises under the following stated facts:

Plaintiff claims of defendant, the sum of $300.25; that at various times from July 10th, 1917 until August 1st, 1917, he had sold and delivered to defendant, various heads of cattle as per itemized bill attached thereto hereto, and that there had been paid to him by the defendant from time to time, all but the sum of $300.25, for which he prays judgment.

The defendant in answering plaintiff's petition denied all and singular the allegations therein contained and particularly denied that at the time stated in the petition he was indebted to plaintiff at all, and denies further any indebtedness to plaintiff.

He then avers amongst other things that he had a contract with the Government and that he submitted said contract and specifications to the plaintiff, who agreed to furnish the defendant with all the meat required under said contract and further that acting in good faith, upon the instructions and representations of said plaintiff he, the defendant, bid on said contract, was awarded same, and turned over all the orders from time to time, to plaintiff, and alleging further in the answer that he had nothing to do with the furnishing of the meat, but same was turned over to plaintiff and having made a loss in this transaction, through the fault of plaintiff, claims the entire sum as damages and that he had notified plaintiff of his loss, who paid no attention to same, and that he sent him a check for $772.56, which he claims was the total balance due on the account rendered by plaintiff to him and this check was received by plaintiff in payment of said account in full and recognized same as an offset. Wherefore he prays that plaintiff's suit be dismissed at his cost.

At the outset of this suit we are met with the fact that compensation is plead when the demand has not been liquidated.

301

Civil Code Art. 2209 reads:

"Compensation takes place only between two debts, having equally for their object a sum of money, or a certain quantity of consumable things of one and the same kind, and which are equally liquidated and demandable."

The Code of Practice, Art. 366 reads:

"Compensation, or setoff, is a mode of extinguishing debts, which takes place when it happens that both plaintiff and defendant are indebted to each other; each retaining, in payment of the sum due to him, the amount which he owes to the other."

There are numerous decisions by both this Court and the Supreme Court, which maintain both the Civil Code and the Code of Practice, and in the case of Hope vs. Howard, 19 Ann. p. 465; where the Court held:

"Plaintiff filed a bill of exception to the admission of the evidence, and the objections in the bill are, that his claim was a liquidated one, having been liquidated by the acknowledgment of the defendant, in his answer, and that an unliquidated claim, as was defendant's for the sale of the wood to plaintiff, could not be pleaded in compensation against it, nor could defendant's claim be pleaded in reconvention, because it was not connected with his, plaintiff's claim for rent, and because both parties were residents of the same parish."

Gardner vs. Hattier, 9th Court of Appeal, 18:
"It is of the essence of the plea in compensation that it admits the debt sued on."

In Maillet vs. Martin, 7th Ann. 835:

"Proof of compensation cannot be received where the defendant's plea of compensation is vague and indefinite. Such a plea should state the nature and amounts of the claims, with such precision as to prevent the plaintiff's being surprised."

We therefore hold that under the pleadings presented
by the defendant in this case, proper/exceptions having been

302

made to the receiving of evidence attempted to show damages to
the extent of amount of plaintiff's claim and denying his obli-
gation, cannot be maintained under the laws of this State and
therefore the objection to taking testimony should have been
maintained and plaintiff having proven the entire amount of
balance due and sued for, is entitled to judgment therefor,
together with interest as prayed for by him.

For the reasons assigned, it is ordered, adjudged and
decreed that the judgment of the Court aqua be and the same is
affirmed,, with costs of both Courts to be taxed against defen-
dant.

-Judgment affirmed.